UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER REYNOSO,<br><br>                                    Plaintiff,<br><br>v.<br><br>FMS NEW YORK SERVICES, LLC,<br><br>                                    Defendant. | No. 1:22-cv-09595<br><br>**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER** |

  WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

  1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any Confidential Information shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action and any mediation or appeals of the claims in this action. Recipients of Confidential Information under this Protective Order specifically may not use Confidential Information for (and by way of example and not limitations) any business, commercial, or competitive purpose.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. With respect to deposition transcripts, a producing party or that party's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing party or that party's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5. If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of discovery material previously produced without limitation should be designated as Confidential, the Producing Party may so designate by so apprising all prior recipients of the Confidential Information in writing, and thereafter such designated portion(s) of the discovery material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

6. No person subject to this Protective Order other than the producing party shall disclose any of the Confidential Information to any other person whomsoever, except to:

    (a) the Parties to this action and their counsel, including in-house counsel and any paralegal, clerical and other assistant employed by counsel and assigned to this matter;

    (b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support or technology support services) that counsel hire and assign to this matter;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) this Court, including any appellate court, and the court reporters and support personnel for the same.

7. Prior to any disclosure of any Confidential Information to any person referred to in subparagraphs 6(d), 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request, and counsel shall make a good faith effort to resolve any dispute as to this designation. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

9. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

10. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice

to the producing party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

11. All persons seeking to file documents under seal with the Court shall follow this Court's Individual Practices in Civil Cases. No person may file with the Court documents under seal without first seeking leave to file such papers. All persons producing Confidential Information are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Information submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Information will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

12. Notwithstanding the terms of Section 12 of this agreement or the Court's Individual Practices with regard to filing documents under seal, Protected Health Information ("PHI") (*e.g.* patient names) may be redacted from Discovery Material and documents containing PHI may be produced and filed in redacted form without need to seek leave to file under seal and without filing a sealed unredacted version. Should a receiving party object to any PHI redaction, the receiving Party will provide the producing Party with written notice stating with particularity the grounds for the objection, and counsel shall make a good faith effort to resolve any dispute. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Any PHI or Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the party receiving PII or PHI experiences a data breach, it shall immediately notify the producing party of the same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII or PHI from unauthorized disclosure.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing party, or, upon permission

of the producing party, destroyed.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ Russell G. Wheeler* | */s/ Damian R. Cavaleri* |
| Russell G. Wheeler | Damian R. Cavaleri |
| Charny & Wheeler P.C. | Hoguet Newman Regal & Kenney, LLP |
| 9 West Market Street | 60 East 42nd Street |
| Rhinebeck, New York 12572 | New York, New York 10165 |
| Tel: (845) 876-7500 | Tel: (212) 686-8808 |
| rwheeler@charnywheeler.com | dcavaleri@hrnklaw.com |
| *Counsel for Plaintiff Jennifer Reynoso* | *Counsel for Defendant FMS New York Services, LLC* |
| Dated: 6/16/2023 | Dated: 6/16/2023 |

SO ORDERED

Dated:  June 19, 2023
       New York, New York

_____
VERNON S. BRODERICK
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER REYNOSO,<br><br>          Plaintiff,<br><br>  v.<br><br>FMS NEW YORK SERVICES, LLC,<br><br>          Defendant. | No. 1:22-cv-09595<br><br>**NON-DISCLOSURE AGREEMENT** |

   I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information.

   By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____            _____